N. R. SMITH v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

November 17, 1916.

Nos. 19,872—(26).

**Carrier — negligence question for jury.**

1. There was evidence of negligence on the part of defendant sufficient to take this case to the jury.

**New trial — no abuse of court's discretion.**

2. It was not an abuse of discretion to refuse a new trial on the ground that the evidence was insufficient to sustain a verdict for plaintiff.

**Charge to jury prejudicial.**

3. There was prejudicial error in the charge to the jury.

Action in the district court for Freeborn county to recover $15,000 for injuries sustained while boarding defendant's passenger train at

[1]Reported in 159 N. W. 963.

Albert Lea. The answer alleged contributory negligence. The case was tried before Kingsley, J., and a jury which returned a verdict for $3,050. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Henry A. Morgan* and *Stringer & Seymour,* for appellant.

*Dunn & Carlson,* for respondent.

BUNN, J.

Plaintiff was a passenger on a train of defendant from Quincy, Illinois, to St. Paul. At about 6 o'clock on the morning of August 27, 1914, the train arrived at Albert Lea. Plaintiff, who was riding in a day coach just back of the smoking car, left the train at Albert Lea to procure a lunch at a restaurant at the station. He testified that the conductor told him he would have time. While engaged in eating, plaintiff noticed that the train was pulling out. He ran out of the lunch room, and, as he testified, attempted to board the front steps of the day coach, the vestibule of the coach being open at the time, according to plaintiff. Plaintiff's testimony is that as he was in the act of mounting the steps, with his hands on the handles and his feet on the bottom step, the porter closed the vestibule door in his face, and told him to get off. Plaintiff, if his story is true, was in this manner forced off the step, and fell, his left foot being run over by the car wheels, resulting in an amputation of the left leg below the knee. This action was brought to recover for the injuries so received. Plaintiff had a verdict, and defendant appeals from an order denying its motion in the alternative for judgment *non obstante* or a new trial.

It is plainly not a case for judgment notwithstanding the verdict. Plaintiff's testimony, if credited by the jury, made a *prima facie* case. The only negligence charged was the act of the porter in closing the vestibule door while plaintiff, as he knew or should have known, was in the act of attempting to board the car. The testimony was conflicting, plaintiff alone testifying in support of this version of the accident; the porter, conductor, and other witnesses called by defendant testifying that plaintiff attempted to board the train at the rear end of the smoking car, the vestibule of which was closed, and that the porter did nothing to cause

plaintiff to fall. It is not claimed that plaintiff was guilty of contributory negligence as a matter of law.

Defendant next contends that it was an abuse of discretion not to grant a new trial because of the alleged insufficiency of the evidence to sustain a verdict for plaintiff. We do not agree to this. While it cannot be denied that the trainmen and another witness for defendant directly contradicted the story of the plaintiff, and while it is true that this story is to some extent impeached by a prior written statement of plaintiff, yet there was nothing inherently improbable in plaintiff's version, which cannot be said of the stories of defendant's witnesses, which, while contradicting plaintiff, did not altogether agree with each other. We are unable to hold that there was an abuse of discretion in refusing a new trial. It must be admitted, however, that a verdict for defendant would have had ample evidence to sustain it. We say this for the obvious bearing it has upon the claim next to be considered, that of prejudicial error in the charge to the jury.

In stating the claims of the respective parties, the court said that plaintiff claimed negligence in two respects, one in the conductor's wrongfully informing plaintiff that the train would stop at Albert Lea long enough for him to obtain a lunch, the other in the closing of the vestibule door by the porter as plaintiff was attempting to board the car. Plaintiff made no claim of liability for the information given by the conductor, his only claim being as to the act of the porter. This is apparent enough from the complaint, but is made certain by the express statements of plaintiff's counsel on the trial. Indeed the court, in at least two places in its charge, told the jury that this was the only claim of negligence to be considered. But instead of making this clear, as he was asked to do by counsel for both sides, the court subsequently undertook a discussion of the duty of the conductor and trainmen in respect to ascertaining whether passengers were in the lunch room before starting the train. The instruction here was that if the trainmen failed in this duty, and plaintiff was injured in consequence of such failure, defendant was liable for his injuries. The court refused defendant's request for an instruction that the only issue which the jury might consider as a ground of negligence was whether or not the vestibule door was closed after plaintiff mounted the steps, and that if they found the door was not so closed the

verdict must be for defendant. This was undoubtedly a correct instruction, and should have been given. At the close of the court's charge there was doubt in the mind of counsel for plaintiff as to whether the court had confined the case to this charge of negligence. Mr. Dunn said: "If the court please, of course there is no claim here on the part of the plaintiff of a right to recover, except for negligence in closing the door on the plaintiff with knowledge of his presence on the steps." After some colloquy with the court, Mr. Carlson asked twice if the issue of negligence was confined to the question of the closing of the door, the evident desire of counsel being to have this made clear, and to keep error out of the charge. The court seemed unwilling to have the case go to the jury on this simple issue alone. He said that the issue was in substance as counsel had requested it to be stated, but "I have not quite so stated, because that is complicated with other matters that make it necessary not to state it in that form exactly."

The charge was plainly erroneous and confusing, apt to mislead the jury as to the real issue to be decided. In a case where the evidence is as conflicting as it is here, where it is doubtful whether the defendant would not have had a verdict if the issue had been simply and squarely presented, we are unable to say that there was no prejudice.

Order reversed and new trial granted.